J. LANDIS SHOE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 7992.   Promulgated March 16, 1928.

*Ben Jenkins, Esq.*, for the petitioner.
*James O'Callaghan, Esq.*, for the respondent.

44

OPINION.

SIEFKIN: The only real question properly before us relates to the taxable net income of the .petitioner between October 1, 1919, and December 31, 1919. The petitioner has alleged error with respect to the fiscal year ended September 30, 1919, but it is clear that this Board has no jurisdiction of that period since the respondent determined an overassessment. It is also clear that beginning January 1, 1920, the petitioner corporation became affiliated with the G. R. Kinney Co., and from that time on consolidated returns were necessary under the Revenue Act of 1918. If it had not been for the affiliation, the petitioner would have had to continue filing its return on a fiscal year basis with a fiscal year ending September 30. As it was, the affiliation cut that period short and created a new taxable period being the period October 1, 1919, to December 31, 1919.

Because the petitioner did not close its books on December 31, 1919, or take an inventory at that date or on September 30, 1919, and because the petitioner's only inventory at or about that time occurred December 9, 1919, the petitioner claims that the period to be considered should be from December 9, 1919, to December 31, 1919. There are several reasons why such a period can not be taken. One reason is that the petitioner had already established, with the consent of the respondent, a fiscal year ending on September 30, and the mere failure to take an inventory at that time or close its books would not justify the creation of a new accounting period. Another reason is that the Revenue Acts have never recognized a fiscal year which ends other than on the last day of the month. Another reason is that to take the period December 9th as the beginning of a taxable period would be to separate the period of October 1, 1919, to December 31, 1919, into two taxable periods instead of one. It is clear that the taxable period to be considered is the three-months' period ended December 31, 1919.

The principal question with respect to that period is whether the respondent erred in including in income for that period the sum of $65,013, which amount exactly corresponds to the market value of additional shares of stock in the G. R. Kinney Co. issued to former stockholders of the petitioner corporation some time in the latter part of June or the early part of July, 1920. The reason for the receipt of such stock is found in an agreement entered into between such stockholders and the G. R. Kinney Co. on December 9, 1919, at which time the stockholders of the petitioner exchanged their shares of

stock in the G. R. Kinney Co., which company at the same time orally agreed to issue its stock to such stockholders in a further amount at a future date, based upon the profit realized from the sale of finished goods in inventory on December 9, 1919. The respondent has not filed a brief and has given us no reason why he included that sum in income of the petitioner for the taxable period. On the other hand, the petitioner has not shown that the entire profit on which the distribution to the stockholders was based did not accrue to the petitioner before December 31, 1919. Petitioner argues as though the profits never did accrue to it. That this is unsound is plain when it is remembered that the petitioner corporation still continued its corporate entity and presumably still exists, and that before a profit on the sale of its inventory could be distributed either to the then stockholders or the former stockholders, it must have accrued to the petitioner itself. We are, therefore, led to conclude that in the absence of a showing as to what portion of the profits accrued before December 31, 1919, and after that date, we must affirm the respondent's determination, since the burden of proof is on the petitioner to show that the Commissioner has erred.

The petitioner further contends that its net income for the taxable period should be computed by taking the same percentage of the new season's sales occurring during that period, as the gross profit for the preceding fiscal year bore to the gross sales for that fiscal year. This, the petitioner feels, is necessary because it has not a record of the expenses during that period or an inventory at the end of the period, or even at the beginning of the period. We can not assume that the percentage of profit will continue the same from year to year, or would be the same for the three-months' period as it was for a period of one year. We, therefore, must also approve the respondent's action as to this point.

*Judgment will be entered for the respondent.*